IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | |
|---|---|
| JEFFREY MILLER, | ) |
| Plaintiff, | ) |
| -vs- | ) No. 11-CV-3156 |
| PORTFOLIO RECOVERY ASSOCIATES, LLC., | ) |
| Defendant. | ) |

REPORT AND RECOMMENDATION

Before the Court is Defendant's Motion to Compel Plaintiff's Discovery Responses (d/e 12) filed January 3, 2012 to which, to date, no response has been filed. Based upon the history of the litigation, the Court recommends that this matter be dismissed with prejudice for want of prosecution.

History of Litigation

The Complaint in this case was filed on June 2, 2011 by Attorney Adam Hill on behalf of the Plaintiff alleging violations by Defendant of the *Fair Debt Collection Act*. Defendant filed its Answer (d/e 7) on August 11, 2012. A scheduling conference was held on September 26, 2011 and discovery dates were put in place at that time.

Seven days after the filing of Defendant's above listed motion to compel, counsel for Plaintiff, Attorney Hill, moved to withdraw (d/e 13) That motion was allowed on January 11, 2012 by the undersigned. In that Text Order, the Court gave Plaintiff Jeffrey Miller thirty days to locate replacement counsel or he would be considered *pro se*. The undersigned also extended the date for response to the motion to compel (d/e 12) from January 20th to February 24, 2012. Plaintiff has not retained replacement counsel and did not respond to the motion to compel.

On February 28, 2012, the undersigned entered a Text Order granting a "final extension" to March 16, 2012 for *pro se* Plaintiff to respond to Defendant's motion to compel. Plaintiff was advised in that Text Order that if a response was not filed to the pending motion to compel, his case could be dismissed for want of prosecution. No timely response was filed.

On March 27, 2012, the Court received correspondence from *pro se* Plaintiff (d/e 14) explaining his personal situation and requesting additional time to locate replacement counsel. That same date the undersigned entered a Text Order granting a further extension to April 6, 2012 to respond to the motion to compel and again stating that Plaintiff's case was subject to dismissal if the response was not filed. To date, Plaintiff has filed no response to Defendant's motion to compel.

Analysis

The Federal Rules of Civil Procedure authorize, under certain circumstances, a district court to dismiss a party or a claim from a suit as a sanction for a party's conduct.  The United States Court of Appeals for the Seventh Circuit has noted that the dismissal of a party's suit is a "draconian" sanction. Marrocco v. General Motors Corp., 966 F.2d 220, 223-24 (7th Cir. 1992).  Nevertheless, the Seventh Circuit has also held that a district court need not impose lesser sanctions before resorting to dismissal.  Halas v. Consumer Servs., Inc., 16 F.3d 161, 165 (7th Cir. 1994).

Federal Rule of Civil Procedure 41(b) provides, in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Id.  The United States Court of Appeals for the Seventh Circuit has explained that "Rule 41(b) serves not only to protect defendants but also to aid courts in keeping administrative control over their own dockets and to deter other litigants from engaging in similar dilatory behavior.  The rule is an expression of an inherent power . . . necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." 3 Penny Theater Corp. v.

Plitt Theatres, Inc., 812 F.2d 337, 340 (7th Cir. 1987)(internal quotations omitted).

Furthermore, Federal Rule of Civil Procedure 37(b)(2) provides, in relevant part, that "if a party . . . fails to obey an order to provide or permit discovery, including and order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following: . . . (v) dismissing the action or proceeding in whole or in part; . . . " Thus, sanctions are appropriate under Rule 37(b)(2) when a party fails to comply with discovery orders and when the district court finds "willfulness, bad faith or fault" to justify the sanction. Downs v. Westphal, 78 F.3d 1252, 1257 (7th Cir. 1996). The "fault" required to sustain dismissal under Rule 37 does not refer to the "non-complying party's subjective motivation" but to the lack of reasonableness "which eventually culminated in the violation." Langley by Langley v. Union Elec. Co., 107 F.3d 510, 514 (7th Cir. 1997)(quotations and citations omitted).

In short, the Seventh Circuit has opined:

> Because of its severity, we have circumscribed the range of cases in which dismissal may be used as a sanction. Looking at the case law, we find two different standards for determining whether a case can properly be dismissed. Some of our cases have held that actions can be dismissed "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." Williams v. Chicago Bd. of Educ., 155 F.3d 853, 857 (7th Cir. 1998); Schilling v.

> Walworth County Park & Planning Com'n, 805 F.2d 272, 278
> (7th Cir. 1986).  This appears to be the standard used when
> cases are dismissed for want of prosecution or failure to comply
> with orders of the court, Fed. R. Civ. P. 41(b).  A slightly
> different requirement–a finding of willfulness, bad faith or
> fault–comes into play when dismissals are used specifically as
> a discovery sanction under Fed. R. Civ. P. 37.  In re Golant,
> 239 F.3d 931, 936 (7th Cir. 2001); Langley v. Union Elec. Co.,
> 107 F.3d 510, 514 (7th Cir. 1997); cf. In re Rimsat, Ltd., 212
> F.3d 1039, 1046-47 (7th Cir. 2000)(requiring a finding of bad
> faith when a district court dismisses a case under the inherent
> powers of the court).  That is, even without "a clear record of
> delay, contumacious conduct or prior failed sanctions," a court
> can apply the sanction of dismissal for Rule 37 violations with a
> finding of willfulness, bad faith or fault, as long as it first
> considers and explains why lesser sanctions would be
> inappropriate. See Long v. Steepro, 213 F.3d 983, 986 (7th Cir.
> 2000); Schilling, 805 F.2d at 278 ("When a clear record of
> delay, contumacious conduct, or prior failed sanctions does not
> exist, the exercise of judicial discretion requires that the district
> court consider and explain the inappropriateness of lesser
> sanctions."); Shepherd v. Am. Broad. Cos., 62 F.3d 1469,
> 1478-79 (D.C. Cir. 1995)(requiring that courts provide a
> "specific, reasoned explanation for rejecting lesser sanctions"
> and collecting cases requiring same).

Maynard v. Nygren, 332 F.3d 462, 467-68 (7th Cir. 2003)(footnote omitted).

In the instant case, the Court believes that, based upon the history of *pro se* Plaintiff's conduct herein, a dismissal of his case is an appropriate sanction under both Rule 37's and Rule 41's standards. See Id. at 468 (explaining that "[f]or Rule 41(b) dismissals, the record of delay, contumacious conduct or prior failed sanctions must be 'clear'" and "that, considering the severe and punitive nature of dismissal as a discovery

sanction, a court must have clear and convincing evidence of willfulness, bad faith or fault before dismissing a case."). *Pro se* Plaintiff has been made aware of his discovery obligations – specifically, his obligation to respond to Defendant's pending Motion to Compel Plaintiff's Discovery Responses (d/e 12) and has failed to do so after numerous extensions.

Based upon these facts, the Court recommends that the District Court sanction *pro se* Plaintiff by dismissing the above captioned case. The Court believes that Plaintiff has established a clear record of delay that justifies a dismissal pursuant to Rule 41(b). Likewise, the Court believes that dismissal is appropriate under Rule 37(b) because Plaintiff has willfully declined to follow the orders of this Court. Although Plaintiff is proceeding *pro se* in this cause, and although *pro se* litigants are given wide latitude, *pro se* litigants do not enjoy "unbridled license to disregard clearly communicated court orders," nor are they entitled to a general dispensation from the rules of civil procedure or court-imposed deadlines. Downs, 78 F.3d at 1257. On the contrary, the United States Supreme Court has held: "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." McNeil v. United States, 508 U.S. 106, 113 (1993).

Accordingly, the Court recommends dismissal with prejudice of the above-captioned case and that all pending motions be denied as moot.

Conclusion

For all of the above reasons, the Court RECOMMENDS that this matter be dismissed with prejudice due to the *pro se* Plaintiff's clear indication that he is not prosecuting his cause of action.

Any objections to this Report and Recommendation must be filed in writing with the Clerk of the Court within fourteen days after service of a copy of this Report and Recommendation. See 28 U.S.C. § 636(b)(1). Failure to timely object will constitute a waiver of objections on appeal. Video Views, Inc. v. Studio 21, Ltd., 797 F.2d 538, 539 (7th Cir. 1986). See also Local Rule 72.2.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to *pro se* Plaintiff at his last known address.

ENTERED:   April 16, 2012

_____s/ Byron G. Cudmore_____
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE